## STATE v. HOLLEMAN.

(Filed April 15, 1902.)

HIGHWAYS—*Abandonment—Obstruction.*

> A road worked and used by the public as a highway for forty years is not abandoned by being taken in an incorporated town and kept up by the town as a public highway by taxation, and an indictment will lie for the obstruction thereof.

INDICTMENT against Nathan Holleman, heard by Judge *W. S. O'B. Robinson,* at July Term, 1901, of the Superior Court of WAKE County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* and *Herbert E. Norris,* for the State.
*Douglass & Simms,* for the defendant.

FURCHES, C. J. This is an indictment for obstructing a public highway. It is admitted that the defendant made

the obstructions complained of, but he contends that the road obstructed is not a public highway.

The case shows that the road obstructed by the defendant has been worked and kept up by the public, as a public highway, for the last forty years, and has been so used by the public; that in 1883 the town of Apex was incorporated, and that part of said road obstructed by the defendant is within the boundary of said incorporation; but it has, since the date of said incorporation, been worked and kept up by the corporate authorities of Apex as a public highway, and the public have used it as such. But it appears that the corporate authorities of the town of Apex have laid off and located a number of streets in said town, and have laid off and located one near the road obstructed, and running somewhat parallel with it; but the same has never been worked or opened to the use of the public, and was not in a condition to be used by the public.

It must be admitted that this was a public road, a public highway, in 1883 when the town of Apex was incorporated, and this incorporation did not discontinue it as a public highway. Nor did the fact that the duty of working and keeping it up was transferred to another jurisdiction cause a discontinuance. Suppose it had been near the Wake County line, and in the erection of Durham County it had fallen on the Durham side; this would have worked no discontinuance of the road, while the duty of keeping it up would have devolved on Durham County. Durham County might have discontinued it, but it would have remained a public road until it did so. Nor would the fact that Durham County established other roads have discontinued it, and certainly not when Durham County continued to work this road and keep it open as a public highway.

The town of Apex had the right to open streets, as public highways, and to discontinue this road as a public highway.

But it did not do so, and continued to work it and keep it open to the use of the public.    Nor does the fact that it was worked and kept up by taxation, instead of working it by conscript labor, make any difference.    This worked no discontinuance of the road.    If this was so, all the public roads in Mecklenburg and other counties that have adopted the new road system of working the public roads by taxation, would be discontinued.

It may be that the town authorities have not been so considerate of the defendant's *interests* as they should have been. But this is not the question involved in this indictment.    The question involves the rights of the public, to which *private interests* must yield.

We see no error, and the judgment is

Affirmed.